UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81371-CIV-MIDDLEBROOKS

DENISE DeMARTINI,

    Plaintiff,

v.

TOWN OF GULF STREAM, WANTMAN
GROUP, INC., RICHMAN GREER, P.A.,
GERALD F. RICHMAN, and ROBERT A.
SWEETAPPLE,

    Defendants.
_____/

## ORDER AND OPINION DENYING MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS

THIS CAUSE comes before the Court upon Plaintiff Denise DeMartini's ("Plaintiff") Motion to Compel Production of Documents from Defendants ("Motion"), filed on February 13, 2017. (DE 101). On February 27, 2017, Defendants Robert A. Sweetapple ("Sweetapple"), Town of Gulf Stream ("Gulf Stream"), and Richman Greer, P.A ("Richman Greer") (collectively, "Defendants") each filed individual Responses in opposition. (DE 109, 111, & 112).[1] Plaintiff filed an Omnibus Reply to the three Responses on March 1, 2017. (DE 114). For the reasons set forth below, the Motion is denied.

## BACKGROUND

On December 1, 2016, Plaintiff served a Second Request for Production of Documents on Defendants. (DE 101 at 2). The majority of Plaintiff's requests directed Defendants to disclose various communications between attorneys representing Gulf Stream and/or Wantman

---

[1] Defendants Wantman Group, Inc. ("Wantman") and Gerald F. Richman ("Richman") are not subjects of the instant Motion.

which related to the underlying RICO Action. (*Id.*). Defendants Richman Greer and Sweetapple objected to the requests because they allegedly implicated the work product doctrine. However, those Defendants agreed to produce inter-office communications – that is, communications among lawyers from independent firms that each represented Gulf Stream and/or Wantman. (DE 101 at 3-4). They refused, however, to produce intra-office communications between attorneys at the same firm. (*Id.*). Defendant Gulf Stream did not specifically object to Plaintiff's requests, but its counsel subsequently confirmed to Plaintiff's counsel that its document production excluded internal attorney communications. (*Id.* at 4-5). Plaintiff now seeks to compel production of intra-office communications between attorneys of the law firms that had been retained by Gulf Stream and/or Wantman in the RICO Action. Although Plaintiff concedes that the documents at issue would otherwise be privileged based on the work product doctrine, she argues that Florida's Public Records Act, Fla. Stat. § 119.01, *et. seq.*, supersedes the privilege.

## DISCUSSION

"A party seeking discovery may move for an order compelling . . . production . . . [if] a party fails to produce documents . . . as requested." Fed. R. Civ. P. 37. The party who resists discovery bears the burden of showing the grounds for its objection with specificity. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

Defendants argue that the withheld documents are protected by the work product doctrine and that the Florida Public Records Act (the "Act" or "Chapter 119") does not apply because federal common law, not Florida law, controls. Second, all three Defendants offer reasons for why intra-office communications among lawyers acting as outside counsel for Gulf Stream do not constitute "public records" within the meaning of the Act. Because I agree with Defendants' threshold argument, I do not reach the second issue.

The Federal Rules of Evidence provide that:

"[t]he common law – as interpreted by United States courts in the light of reason and experience – governs a claim of privilege unless any of the following provides otherwise: [1] the United State Constitution; [2] a federal statute; or [3] rules prescribed by the Supreme Court. But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."

Fed. R. Evid. 501. The Eleventh Circuit instructs that "where the court's jurisdiction is premised upon a federal question," courts should apply "the federal law of privilege" to both the federal claims and any pendant state law claims. *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992). In other words, state privilege rules only govern cases based exclusively on diversity of citizenship. Here, Plaintiff's Amended Complaint incorporates both federal (via § 1983) and state (via tort theories) claims and alleges that this Court's jurisdiction arises through the existence of a federal question. (DE 10 at 2). Accordingly, the federal law of privilege applies across the board to all claims.

As discussed above, there is no dispute that the sought-after communications fall within the scope of the work product doctrine, as "partially codified" in Fed. R. Civ. P. 26(b)(3). *United States v. Deloitte LLP*, 610 F.3d 129, 135 (D.C. Cir. 2010). And although the work product doctrine is not a true "testimonial" privilege, *United States v. Ary*, 518 F.3d 775, 782, n.4 (10th Cir. 2008), – inasmuch as it does not govern a relationship between a litigant and a third party – it is still regarded in federal common law as creating a "qualified privilege or immunity" from discovery. *United States v. Armstrong*, 517 U.S. 456, 474 (1996) (citation omitted).[2] The

---

[2] The meaning of "privileges" under Rule 26 is "determined by reference to the Federal Rules of Evidence", *Matter of Int'l Horizons, Inc.*, 689 F.2d 996, 1002 (11th Cir. 1982), and in turn, federal common law.

3

doctrine should therefore be seen as an extension of Rule 501 into the Rules of Civil Procedure.[3] Construed in this light, the work product "privilege" would appear to bar discovery of the documents at issue.

Plaintiff insists that there is no conflict between the operation of the Federal Rules of Evidence and Chapter 119. In her view, federal law may characterize the communications in question as "work product" but it does not prevent them from being subjected to the requirements of the Act, which specifically contemplates disclosure of attorney work product. *See* Fla. Stat § 119.071(1)(d) (removing protections for work product created by "agency attorney[s]", which qualify as "public record[s]", once litigation has ended). In fact, that is precisely what it does. Rule 26 does not merely label certain "documents and tangible things" as "work product"[4] – it explicitly prohibits their discovery, absent a showing that they are "otherwise discoverable under Rule 26(b)(1)" or that the moving party "has [a] substantial need for the materials and cannot, without undue hardship, obtain" substitutes. Fed. R. Evid. 26(b)(3).[5] To the extent Chapter 119 would allow Plaintiff to demand production of Defendants' mental impressions and strategies, it has no force in this kind of federal action. *See, e.g., Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 981 F. Supp. 2d 1207, 1209 (N.D. Fla. 2013) ("assertion that a federal court in a case in which federal law supplies the rule of decision should apply state privilege law is squarely at odds with Rule 501"); *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990) (". . . the work product doctrine is a limitation on

---

[3] To the extent the work product doctrine is not a "privilege" within the meaning of Fed. R. Evid. 501, its application to federal cases is only broader than common law privileges, since – by virtue of its placement in the Federal Rules of Civil Procedure – it applies in both federal question and diversity cases. *Hugley v. Art Inst. Of Chicago*, 981 F. Supp. 1123, 1128, n.2 (N.D. Ill. 1997).

[4] In truth, it does not even do that, because Fed. R. Evid. 501 does not expressly use the term "work product," which derives instead from case law.

[5] Plaintiff has not endeavored to make a showing under either exception.

4

discovery in federal cases and federal law provides the primary decisional framework. Therefore, plaintiff's Florida state court cases on discoverability . . . are not binding.") (citations omitted); *Lozman v. City of Riviera Beach*, 08-80134-CIV, 2014 WL 12619231, at *1 (S.D. Fla. Feb. 14, 2014) (Hopkins, M.J.) ("Florida's public records law and any obligation the City may have thereunder are not within the purview of this Court"); *MCI Constr., LLC v. Hazen & Sawyer, P.C.*, 213 F.R.D. 268, 272 (M.D.N.C. 2003) (with respect to analogous North Carolina statute, any waiver of privileges described therein "does not control"); *Tracy P. v. Sarasota Cty.*, No. 8:05-CV-927-T-27EAJ, 2007 WL 1364381, at *1-2 (M.D. Fla. May 9, 2007) (specifically finding that federal common law trumped application of Chapter 119 and upholding magistrate's order requiring return of document obtained through public records request).[6]

Plaintiff suggests that Defendants' assertion of the work product doctrine is foreclosed by their prior disclosure of inter-office communications – an argument I construe to raise the issue of voluntary waiver. It is true that "[d]isclosure to an adversary waives the work product protection as to items actually disclosed." *In re Chrysler Corp. Overnight Evaluation Program Litigation*, 860 F.2d 844, 846 (8th Cir. 1988); *see also U.S. v. Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010). But Defendants have not, by producing particular protected items, waived the doctrine with respect to distinct, albeit related, items (i.e., those on the same subject matter). That is because, in contrast to the attorney-client privilege, "the subject-matter waiver doctrine does not extend to materials protected by the opinion work product privilege." *Cox v. Adm'r*

---

[6] Plaintiff attempts to distinguish *Tracy P.* on the ground that litigation in that case was ongoing, meaning that the state law privilege for work product constituting "public records" had not expired, and thus that defendant's disclosure obligation had not yet been triggered – in contrast to the situation here. Actually, the district judge did not analyze Florida's public records law at all, beyond recognizing that any attempt to raise it was "without merit" since "federal law governs whether the document is privileged or contains attorney work product." *Tracy P.*, 2007 WL 1364381, at *1. The holding in that case, similar to other opinions on the subject, is therefore far broader than Plaintiff would have.

5

*U.S. Steel & Carnegie*, 17 F.3d 1386, 1423 (11th Cir. 1994); *accord Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997); *In re Martin Marietta Corp.*, 856 F.2d 619, 625-26 (4th Cir. 1988); *U.S. v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). As a result, it is irrelevant whether Defendants have already produced a large quantity of inter-office communications, and whether they have done so inadvertently or by conscious strategy. The *intra*-office communications, over which the work product doctrine has clearly been asserted, are protected from discovery.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff Denise DeMartini's Motion to Compel Production of Documents from Defendants (DE 101) is **DENIED**.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida, this 11 day of April, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record